UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-62044-CIV-COHN/SELTZER

CHRISTOPHER LEGG, on behalf of himself
and all others similarly situated,

    Plaintiff,

v.

VOICE MEDIA GROUP, INC., a Colorado
corporation,

    Defendant.
_____/

## ORDER DENYING MOTION TO DISMISS

**THIS CAUSE** is before the Court upon Defendant's Motion to Dismiss [DE 9] ("Motion"). The Court has considered the Motion, Plaintiff's Opposition [DE 16], Defendant's Reply [DE 23], and Plaintiff's Surreply [DE 29], and is otherwise advised in the premises.

**I. BACKGROUND**

This putative class action arises from the allegedly improper transmission of text messages by Defendant Voice Media Group, Inc. ("VMG"). VMG operates text alert services which transmit text messages to the cell phones of consumers across the country. DE 1 ¶¶ 19, 32. Plaintiff Christopher Legg alleges that he subscribed to VMG's services in 2012 and early 2013. Id. ¶¶ 20–25. In July 2013, however, Legg had second thoughts about receiving text messages from VMG, and sought to unsubscribe from VMG's services by sending the message "STOP" to VMG. Id. ¶ 26. VMG responded by instructing Legg to reply "STOP ALL," or "STOP" in combination with a number of other options, to stop receiving text messages. Id. ¶ 26. Legg sent

the message "STOP ALL" and other similar messages to VMG, but VMG continued to send text messages to Legg through the commencement of this action in September 2013.  Id. ¶¶ 27–30.

Legg filed the Complaint herein on September 20, 2013, for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, on the basis of VMG's alleged practice of sending unwanted text messages.  DE 1 ¶¶ 43–50.  VMG has in turn moved to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  DE 9.

## II.  LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a court shall grant a motion to dismiss where, based upon a dispositive issue of law, the factual allegations of the complaint cannot support the asserted cause of action.  Glover v. Liggett Group, Inc., 459 F.3d 1304, 1308 (11th Cir. 2006) (per curiam).  "Factual allegations must be enough to raise a right to relief above the speculative level . . . ."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  Thus, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).

A complaint must be liberally construed, assuming the facts alleged therein as true and drawing all reasonable inferences from those facts in the plaintiff's favor.  Twombly, 550 U.S. at 555.  A complaint should not be dismissed simply because the court is doubtful that the plaintiff will be able to prove all of the necessary factual allegations.  Id.  A well-pled complaint will survive a motion to dismiss "even if it appears that a recovery is very remote and unlikely."  Id. at 556 (internal quotation marks

omitted).  Nevertheless, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Id. at 555.

**III.   DISCUSSION**

VMG moves to dismiss on two grounds.  First, VMG contends that Legg has failed to plead that VMG used an automatic telephone dialing system, which is a requirement of Legg's TCPA claim.  Second, VMG argues that Legg cannot bring a claim upon text messages from VMG because Legg consented to receive the messages.  The Court rejects each of VMG's arguments, as Legg has sufficiently pled both that VMG used an automatic telephone dialing system and that he revoked his consent to receive messages from VMG.

### A. Legg Has Sufficiently Pled the Use of an Automatic Telephone Dialing System

VMG contends that Legg has failed to state a claim for a TCPA violation because he has not pled VMG's use of an automatic telephone dialing system.  DE 9 at 2–3.  VMG's argument boils down to a conclusory assertion that, because Legg provided his phone number to VMG, Legg's allegation that VMG used an automatic telephone dialing system is "frivolous."  Id. at 3.  Whether Legg provided his phone number to VMG is of questionable relevance to Legg's task of pleading the sort of equipment used by VMG.  Moreover, the Court finds that Legg has stated sufficient facts to plead VMG's use of an automatic telephone dialing system.

The TCPA provides that:

> It shall be unlawful for any person within the United States . . . to make any call . . . using any automatic telephone dialing system . . . to any telephone number assigned to a . . . cellular telephone service . . . .

47 U.S.C. § 227(b)(1)(A)(iii).  An automatic telephone dialing system is "equipment which has the capacity . . . to store or produce telephone numbers to be called, using a random or sequential number generator[,] and . . . to dial such numbers."  Id. § 227(a)(1).  These provisions apply with equal force to conventional telephone calls and text messages, as a text message qualifies as a "call" within the meaning of the TCPA.  Satterfield v. Simon & Schuster, Inc., 569 F.3d 946, 954 (9th Cir. 2009).

In his Complaint, Legg alleges that VMG operates its text alert services by sending mass text messages via an automatic telephone dialing system known as an "auto-dialer" or "predictive dialer."  DE 1 ¶¶ 32–33, 36.  VMG sends these mass messages from a "short code," which is a type of telephone number typically used by companies to communicate with large numbers of consumers.  Id. ¶¶ 11, 19, 32–33, 36.  Legg supports his allegations of VMG's mass messaging by reference to VMG's presence in over 50 major metropolitan areas and voluminous consumer complaints about text messages received from VMG's short code.  Id. ¶¶ 31–32.  Legg contends that such mass messaging would be impracticable without the use of an automatic telephone dialing system.  Id. ¶ 32.  The Court finds these factual allegations of mass messaging from VMG's short code that could only be achieved via an automatic telephone dialing system sufficient to support a reasonable inference that VMG has used such a system.  See Robbins v. Coca-Cola Co., No. 13-132, 2013 U.S. Dist. LEXIS 72725, at *6–8 (S.D. Cal. May 22, 2013) (factual allegations of mass messaging sufficient to plead use of automatic telephone dialing system).  Legg has therefore sufficiently pled VMG's use of an automatic telephone dialing system to withstand a motion to dismiss.  See Twombly, 550 U.S. at 555.

4

### B. Legg Has Sufficiently Pled Revocation of Consent

47 U.S.C. § 227(b)(1)(A) prohibits only calls made without "prior express consent." VMG argues that, because Legg consented to receive messages by subscribing to VMG's text alert services, Legg cannot state a TCPA claim on the basis of messages from VMG. DE 9 at 3–6. Legg does not dispute that he initially consented to receive messages from VMG. DE 16 at 1. Instead, Legg contends that he revoked his consent, but continued to receive the messages in violation of the TCPA. DE 16 at 1; DE 29 at 2–4.

Though the TCPA is silent regarding revocation of consent, courts considering the issue have held that it is possible for consumers seeking to halt calls to their cell phones to revoke prior consent to such calls. See, e.g., Gager v. Dell Fin. Servs., LLC, 727 F.3d 265, 272 (3d Cir. 2013). As noted by Judge Middlebrooks in Osorio v. State Farm Bank, F.S.B., 859 F. Supp. 2d 1326, 1331 (S.D. Fla. 2012), the Eleventh Circuit has not addressed precisely what is required to revoke consent under the TCPA once it has been given. Nevertheless, because the TCPA is a consumer protection statute that is remedial in nature, it should be construed liberally in favor of consumers. Gager, 727 F.3d at 271; accord Carmichael v. Nissan Motor Acceptance Corp., 291 F.3d 1278, 1280 (11th Cir. 2002) (per curiam) ("Like the TILA, the CLA is a consumer protection statute which 'is remedial in nature and therefore must be construed liberally in order to best serve Congress' intent.'").

Here, Legg alleges that VMG instructed him to send the message "STOP ALL" to stop receiving text messages. DE 1 ¶ 26. Legg alleges that he sent the message "STOP ALL" to VMG. DE 1 ¶ 27. In other words, Legg alleges that he took the steps VMG had established for consumers to communicate a desire to stop receiving

5

messages.  Taken in a light most favorable to Legg, the Court finds these facts sufficient to plead that Legg revoked his consent to receive text messages from VMG, and accordingly that messages postdating the revocation were sent without his consent. See Munro v. King Broad. Co., No. 13-1308, 2013 U.S. Dist. LEXIS 168308 (W.D. Wash. Nov. 26, 2013) (holding that, where weather alert service instructed user to reply "STOP" to cease receiving text messages, user's message of "STOP" to service was sufficient to create factual issue with regard to revocation of consent).  The Court also rejects VMG's contention that its system's failure to process Legg's revocation of consent by the means allegedly provided by VMG is renders the revocation ineffective as a matter of law.  See DE 23 at 1–3.

### C. Motions to Strike

In addition to their papers supporting or opposing the Motion, each party has filed a request to strike miscellaneous submissions to the Court by the other party.  VMG seeks to strike an industry association pamphlet that Legg filed as "supplemental authority" in opposition to the Motion.  See DE 30.  The pamphlet would seem to fall outside of the materials properly before the Court on a motion to dismiss.  However, the Court has not considered the pamphlet in arriving at its determinations herein, and will deny VMG's request as moot.  Similarly, Legg seeks to strike a brief that VMG filed in response to yet another of Legg's notices of supplemental authority.  See DE 34.  Given that the Court will deny VMG's Motion, the Court will also deny Legg's objections to VMG's supporting materials as moot.

### IV. CONCLUSION

In sum, VMG's Motion does not justify dismissal of this action.  Contrary to VMG's assertions, Legg has sufficiently pled the use of an automatic telephone dialing

6

system.  Similarly, Legg has sufficiently pled that he revoked his consent to receive text messages from VMG, and messages subsequent to that revocation were sent without his consent.  It is accordingly

      **ORDERED AND ADJUDGED** as follows:

(1)    VMG's Motion to Dismiss [DE 9] is **DENIED**; and

(2)    VMG's Motion to Strike Notice of Supplemental Authority [DE 30] and Legg's Motion to Strike Defendant's Response in Opposition to Plaintiff's Notice of Supplemental Authority [DE 34] are **DENIED as moot**.

      **DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 3rd day of January, 2014.

_____
JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF