UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:13-cv-62044-JIC

CHRISTOPHER LEGG, an individual, on
behalf of himself and all others similarly situated,

    Plaintiff,

v.

VOICE MEDIA GROUP, INC.,
a Colorado Corporation,

    Defendant.

**PLAINTIFF CHRISTOPHER LEGG'S RESPONSE IN OPPOSITION TO DEFENDANT VOICE MEDIA GROUP, INC.'S MOTION TO EXCLUDE THE EXPERT WITNESS TESTIMONY OF RANDALL A. SNYDER**

Plaintiff, CHRISTOPHER LEGG, through counsel, submits this response in opposition to Defendant VOICE MEDIA GROUP, INC.'s Motion to Exclude the Expert Witness Testimony of Randall A. Snyder [ECF No. 66]:

**INTRODUCTION**

Plaintiff has sought out the services of Randall A. Snyder, whose expertise in the area of wireless and wireline communications Defendant does not dispute. [ECF No. 66; p. 9]. Plaintiff has employed Mr. Snyder to opine on two issues: numerosity as it relates to the Class, and whether Phaz2, Inc.'s equipment constitutes an Automatic Telephone Dialing System ("ATDS") as defined by the Telephone Consumer Protection Act ("TCPA") and the applicable Federal Communications Commission ("FCC") Orders.  Defendant has misinterpreted Mr. Snyder's role in this case, and in its error it has moved to exclude Mr. Snyder's opinions on grounds that they are impermissible as lay testimony or legal conclusions, Id. at 4-9, and not based on sufficient

Page **1** of **8**

evidence, Id. at 10-13. For the reasons that follow Plaintiff respectfully requests that this Court deny Defendant's Motion.

## STANDARD OF REVIEW

The admission of expert evidence is govern by Federal Rule of Evidence 702, as explained by *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993) and its progeny. *Rink v. Cheminova, Inc.*, 400 F.3d 1286, 1291 (11th Cir. 2005). "Under Rule 702 and *Daubert,* district courts must act as "gatekeepers" which admit expert testimony only if it is both reliable and relevant." *Id.* However, "the *Daubert* factors ... simply are not applicable to [non-scientific] testimony, whose reliability depends heavily on the *knowledge and experience* of the expert, rather than the methodology behind it." *Hangarter v. Provident Life & Accident Ins. Co.,* 373 F.3d 998, 1017 (9th Cir. 2004) (emphasis in original) (internal quotation marks and citations omitted). In such situations, Rule 702 should be "construed liberally."  *United States v. Hankey,* 203 F.3d 1160, 1168 (9th Cir. 2000) (citation omitted). "Rule 702 reflects an attempt to liberalize the rules governing the admission of expert testimony. The rule clearly is one of admissibility rather than exclusion." *Sancom, Inc. v. Qwest Commc'ns Corp.*, 683 F. Supp. 2d 1043, 1051 (D.S.D. 2010) (citing *Lauzon v. Senco Prods., Inc.,* 270 F.3d 681, 686 (8th Cir. 2001)). "The exclusion of an expert's opinion is proper only if it is so fundamentally unsupported that it can offer no assistance to the jury." *Sancom*, 683 F. Supp. 2d 1043 at 1051 (citing *Wood v. Minn. Mining & Mfg. Co.,* 112 F.3d 306, 309 (8th Cir. 1997)).

The Eleventh Circuit has adopted a three part analysis for determining whether the party who proffers expert evidence is entitled to have that evidence admitted. These three factors must be established by a preponderance of the evidence, *Rink*, 400 F.3d 1286 at 1292, and are stated as: (1) whether the expert is qualified to testify competently regarding the matters he intends to

address; (2) whether the methodology by which the expert reaches his conclusions is sufficiently reliable; and (3) whether the testimony assists the trier of fact, through the application of scientific, technical, or specialized expertise, to understand the evidence or to determine a fact in issue. *Quiet Tech. DC–8, Inc. v. Huerl–Dubois UK Ltd.,* 326 F.3d 1333, 1340 (11th Cir. 2003).

## ARGUMENT

### I.   Mr. Snyder has only opined on class size (i.e., numerosity) for purposes of Plaintiff's Motion for class certification.

Plaintiff intends to establish the precise size of the class through a summary exhibit, based off the message detail records provided by Phaz2, Inc., under Federal Rule of Evidence 1006. Plaintiff does not seek to proffer testimony from Mr. Snyder on the number of class members as Defendant suggests. [ECF No. 66; p. 4]. Mr. Snyder's expert opinion on numerosity is used only in support of Plaintiff's Motion for Class Certification, [ECF No. 52]. Subsequently, there is no reason to exclude Mr. Snyder's testimony on this issue. Defendant fails to cite any authority contending a court cannot consider otherwise admissible evidence at the class certification stage simply because it is being offered by an expert. [ECF No. 66; pp. 5-6]. Defendant's argument appears to rest on the premise that it is impermissible to conflate "expert and lay opinion testimony thereby conferring an aura of expertise on a witness without satisfying the reliability standard for expert testimony set forth in Rule 702 and the pre-trial disclosure requirements set forth in Fed.R.Crim.P. 16 and Fed.R.Civ.P. 26." *United States v. Garcia*, 413 F.3d 201, 215 (2d Cir. 2005). However, Plaintiff does not seek to use Mr. Snyder's testimony on numerosity before a jury. Plaintiff will use a summary exhibit introduced by a lay witness. Additionally, although Defendant has not challenged the underlying records, it is important to point out that they are admissible as business records supported by two affidavits from Phaz2, Inc. (Attached hereto as "**Exhibit A**"). Rather, only this Court is asked to consider Mr. Snyder's

testimony on numerosity, and as such there is no danger that Mr. Snyder's testimony will be attributed undue weight because of his status as an expert. *Parkinson v. Hyundai Motor Am.,* 258 F.R.D. 580, 599 (C.D. Cal. 2008) ("Unlike a summary judgment motion under Fed.R.Civ.P. 56, a motion for class certification ... need not be supported by admissible evidence."). Therefore, there is no reason to exclude Mr. Snyder's testimony on numerosity at this stage.

      **II.**      **Mr. Snyder does not impermissibly opine on questions of law**

Mr. Snyder's testimony is limited to his opinion that the specific set of facts present here fall within the meaning of the statutory term ATDS. This is a permissible instance of expert testimony. *See*, *Sancom*, 683 F. Supp. 2d 1043 at 1053 (holding it is permissible for expert testimony to show that a specific set of facts does not fall within a statutory definition). Mr. Snyder's testimony demonstrates that Phaz2, Inc.'s equipment features a hallmark of the definition of an ATDS as provided by the FCC, specifically the ability to dial numbers without human intervention, by noting, among other things, that the volume of text messages sent in brief periods of time foreclose the possibility that a human was sending Defendant's text alerts. Mr. Snyder does not infringe on the Court's role of determining whether the definition of an ATDS does in fact include the FCC's guidance on the statutory text, and if the Court decides that FCC Orders are not applicable then Mr. Snyder's observations could be excluded based on relevancy under Federal Rule of Evidence 402. However, where an expert has established a nexus between legal criteria and the facts of the case the testimony is admissible. *TC Sys. Inc. v. Town of Colonie, New York*, 213 F. Supp. 2d 171, 182 (N.D.N.Y. 2002) ("If a proper foundation is laid and Kravtin can establish a nexus between the FCC criteria and the facts here, her testimony may be appropriate."); *Cf. CFM Commc'ns, LLC v. Mitts Telecasting Co.*, 424 F. Supp. 2d 1229, 1235 (E.D. Cal. 2005) (excluding expert opinion on FCC regulations that reads like a legal brief).

Mr. Snyder's expert testimony was challenged for allegedly presenting improper legal conclusions in *Smith v. Microsoft Corp.*, 11-CV-1958 JLS BGS, 2013 WL 6497073 (S.D. Cal. Dec. 10, 2013). In *Smith*, Mr. Snyder offered his expert opinion that a list of consumer's telephone numbers complied by an SMS aggregator did not evidence prior express consent to be called by the Defendant using an autodialer. *Id.* at *4. The Defendant claimed that Mr. Snyder impermissibly expounded on TCPA case law in reaching his conclusion. *Id.* However, the court found: "Snyder merely discusses a case for which he served as an expert witness. He does not draw any legal conclusions or principles, much less apply the facts of this case to one, nor does he suggest that the Court is bound to analyze *Satterfield v. Simon & Schuster, Inc.,* 569 F.3d 946 (9th Cir. 2009), as he does. . . . [a]ccordingly, at this stage in the proceedings, the Court sees no harm in allowing this testimony." *Id.* at *5. (Internal citation omitted). Similarly, Mr. Snyder does not suggest that the Court is bound by the FCC definition, or must interpret them as he does. The extent of his testimony is simply to assert that the equipment used by Phaz2, Inc. falls within the definition of an ATDS as he understands it.

It is worth noting that Defendant has continuously protested the applicability of the FCC's decisions to the definition of an ATDS, and particularly the FCC's statements in *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, SoundBite Communications, Inc.*, 27 FCC Rcd. 15391 (Nov. 26, 2012) (hereinafter, "*SoundBite*"). The FCC in *SoundBite* clarified that the definition of an ATDS "covers **any equipment** that has the specified capacity to generate numbers and dial them without human intervention regardless of whether the numbers called are randomly or sequentially generated or come from calling lists." *SoundBite*, at ¶2, fn. 5 citing *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC

Rcd. 14014 at 14092, para. 133 (2003) (emphasis added). Now, in the face of its earlier protests, Defendant admits that the FCC decisions are the law. [ECF No. 66; p. 8].

### III. Mr. Snyder's opinions are based on appropriate factual materials

Mr. Snyder has rendered an opinion on the capacity of Phaz2, Inc.'s equipment, and to do so he has reviewed materials including the technical documentation on said equipment contained in Phaz2, Inc.'s "New Client Handbook" (attached hereto as "**Exhibit B**"). This technical documentation first names Phaz2, Inc.'s system as the "Phaz2 StilettoP2$^{TM}$", and then gives a rundown of the system's capabilities. For instance, the document describes the information the system maintains, the stock messages the system is capable of sending, the manner in which clients can access the system, and even the metadata the system stores for text message broadcasts and recipients. It is difficult to imagine a more appropriate document on which to base an opinion of a system's capacities. Yet either in a disingenuous attempt to misstate the facts, or due to its insufficient grasp of the law, Defendant seeks exclusion of Mr. Snyder's opinions because they are not based on "sufficient facts or data". [ECF No. 66; p. 12]. Defendant simply spouts nonsense. Phaz2, Inc.'s documentation of what their system is capable of doing provides adequate support for an opinion on the capacity of that system.

Additionally, without including the millions of SMS message detail records Mr. Snyder considered, he still based his opinion on over 1000 pages of discovery provided by the Defendant and Phaz2, Inc. This evidence included hundreds of pages of emails discussing sending text messages and the legal issues contingent thereto [ECF No. 67-1], screen shots and detailed instructions for how Defendant operated Phaz2, Inc.'s systems (attached as "**Exhibit C**"), and even the contract detailing the relationship between Defendant and Phaz2, Inc. [ECF No. 65-3].

Defendant has not provided any reason for why this wealth of information is an insufficient basis for Mr. Snyder's expert opinion.

## CONCLUSION

For the foregoing reasons Plaintiff respectfully requests that Defendant's Motion to Exclude the Expert Witness Testimony of Randall Snyder, [ECF No. 66], be denied.

Dated: April 7, 2014.

        Respectfully submitted,

        /s/ Scott D. Owens
        SCOTT D. OWENS, ESQ.
        Florida Bar No. 0597651
        664 E Hallandale Beach Blvd
        Hallandale Beach, FL 33009
        Telephone: (954) 589-0588
        Facsimile: (954) 337-0666
        scott@scottdowens.com

        Steven R. Jaffe (Fla. Bar No. 390770)
        steve@pathtojustice.com
        Seth M. Lehrman (Fla. Bar No. 132896)
        seth@pathtojustice.com
        Mark S. Fistos (Fla. Bar No. 909191)
        mark@pathtojustice.com
        FARMER, JAFFE, WEISSING,
        EDWARDS, FISTOS & LEHRMAN, P.L.
        425 North Andrews Avenue, Suite 2
        Fort Lauderdale, FL 33301
        Telephone: (954) 524-2820
        Facsimile: (954) 524-2822

        *Attorneys for Plaintiff and the Class*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on April 7, 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this April 7, 2014 via U.S. mail and/or some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

> SCOTT D. OWENS, ESQ.
> 664 E. Hallandale Beach Blvd.
> Hallandale Beach, Florida 33009
> (954) 589-0588 Phone
> (954) 337-0666 Fax
> scott@scottdowens.com
>
> By: s/ *Scott D. Owens*
> Scott D. Owens, Esq.
> Florida Bar No. 0597651