UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-62044-CIV-COHN/SELTZER

CHRISTOPHER LEGG,
on behalf of himself and
all others similarly situated,

    Plaintiff,

vs.

VOICE MEDIA GROUP, INC.,

    Defendant.
_____/

## DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO EXCLUDE THE EXPERT WITNESS TESTIMONY OF RANDALL SNYDER

Defendant Voice Media Group, Inc. ("VMG") submits its reply in support of its Motion To Exclude The Expert Witness Testimony Of Randall Snyder (the "Motion") [ECF 66].

**A.  The Testimony In The Initial And Second Supplemental Declarations Regarding The Number Of Class Members Should Be Excluded.**

Plaintiff's *sole* evidence in support of the numerosity requirement of Rule 23(a)(1) of the Federal Rule of Civil Procedure is Mr. Snyder's "analysis" of a spreadsheet produced by Phaz2 [ECF 52, p.5].[1]  Specifically, Plaintiff argued that, according to Mr. Snyder, there are at least 1,026 people who requested to STOP ALL, but subsequently received an unwanted text message.

---

[1] In the time since VMG filed the Motion, Plaintiff has drastically altered and amended his proposed class, thus raising an issue – which Plaintiff does not address – regarding whether Mr. Snyder's "testimony" regarding class size even remains relevant [ECF 70, pp. 7-8 & n.2]. Because Plaintiff is the proponent of Mr. Snyder's testimony, it was and is his burden to establish whether and how testimony relating to the previously proposed class remains relevant and applicable to the most recently proposed class.  *See Cook v. Sheriff of Monroe County, Florida*, 402 F.3d 1092, 1107 (11th Cir. 2005); *United States v. Frazier*, 387 F.3d 1244, 1260 (11th Cir. 2004).  He did not make any attempt to satisfy that burden.

Plaintiff's response [ECF 76] to the Motion does not and cannot refute the fact that Mr. Snyder did not apply any scientific, technical, or other specialized knowledge in sorting and counting the entries of the spreadsheet (Motion, pp. 5-7).  Indeed, Plaintiff admits that Mr. Snyder merely summarized the spreadsheet as a lay person would do (Resp., p, 3) ("Plaintiff will use a summary exhibit introduced by a lay witness"), which is exactly what the decisions cited at pages 5 and 6 of the Motion hold that an expert witness is *not* permitted to do.  *See, e.g., In re: Pempro Products Liability Litigation*, 554 F.Supp.2d 871, 887 (E.D. Ark. 2008) *reversed on other grounds* 586 F.3d 547 (8th Cir. 2009) ("Having an expert witness simply summarize a document (which is just as easily summarized by a jury) with a tilt favoring a litigant, without more, does not amount to expert testimony.  Because Dr. Parisian's testimony—or reading— invaded areas that required no expert assistance, it was inappropriate 'expert' testimony.") (parenthetical in original)  Not surprisingly, Plaintiff makes no mention of those decisions.

Plaintiff's response to the Motion does not and cannot refute the fact that the conclusion in Mr. Snyder's declaration – that if a person sent multiple STOP ALL requests, then it must mean that he or she continued to receive text messages – is inadmissible speculation and conjecture (Motion, pp. 7-8).  Tellingly, Plaintiff does not address any of the decisions cited in the Motion on this point; nor does he address the fact that Mr. Snyder admitted at his deposition – in stark contrast to what is written in the declaration – that he does not know whether anyone who sent multiple requests to unsubscribe actually received a text message after requesting to unsubscribe (Snyder Depo., pp. 22-23, 27-30).

Plaintiff's response does not and cannot refute that fact that Mr. Snyder's testimony regarding an algorithm that he could have created and run – but admittedly did *not* create or run

2

– is inadmissible because testimony regarding something an expert did not do obviously will not assist the trier of fact (Motion, p.8).

Instead, Plaintiff argues only that because Mr. Snyder's testimony regarding the number of class members relates to the numerosity requirement of Rule 23(a)(1) – and because the Court, not a jury, is responsible for determining whether the elements of Rule 23 are satisfied – the requirements of *Daubert/Kumho* need not be applied at the class certification stage.  Plaintiff does not site a single decision supporting this argument, and the reason he cites none is because there are none.

Indeed, the notion that expert witness testimony offered in support of class certification should not be subjected to the *Daubert/Kumho* analysis at the class certification stage has been squarely rejected by the Eleventh Circuit.  *See Sher v. Raytheon Co.*, 419 F. App'x 887, 2011 WL 814379 at *3 (11th Cir. 2011) (citing and quoting *American Honda Motor Co., Inc. v. Allen*, 300 F.3d 813, 815-16 (7th Cir. 2010)) ("'when an expert's report or testimony is critical to certification, as it is here . . . , a district court must conclusively rule on any challenge to the expert's qualifications or submissions prior to ruling on a class certification motion'") (ellipses in original) ; *see id*. ("'The [district] court must also resolve any challenge to the reliability of the information provided by an expert if that information is relevant to establishing any of the Rule 23 requirements for class certification.'") (brackets in original); *see also Wal-Mart Stores, Inc. v. Dukes*, __ U.S. __, 131 S.Ct. 2541, 2553-54 (2011) ("The District Court concluded that *Daubert* did not apply to expert testimony at the certification stage of class action proceedings.  We doubt that is so . . . .") (internal citation omitted).

Mr. Snyder's proposed expert witness testimony regarding the number of class members, as set out in his initial and second supplemental declarations, must be excluded.

3

**B.     Mr. Snyder's Opinions Regarding The Requirements Of Domestic Law, And His Application Of Law To The Facts, Must Be Excluded.**

In his supplemental declaration [ECF 66-2, ¶¶8-9, 27-31], Mr. Snyder (a) cites and quotes at length from federal statutes, case law, and FCC orders, (b) provides his interpretation of those authorities, and then (c) applies his interpretation to the "facts" to opine that Phaz2 used an ATDS for the purposes of the TCPA. He "reiterate[s]" and "reinforce[s]" that in his second supplemental declaration [ECF 66-3, ¶¶27, 32], and does the same in his deposition [ECF 66-5, p. 47, l.19 – p. 48, l. 2; p. 74, l. 14 – 21; p. 80, l. 16 – p. 81, l. 1].

The Eleventh Circuit has made clear that expert witnesses are not permitted to do that. *United States v. Oliveros*, 275 F.3d 1299, 1306-07 (11th Cir. 2001) ("Domestic law is properly considered and determined by the court whose function it is to instruct the jury on the law; domestic law is not to be presented through testimony and argued to the jury as a question of fact."); *Montgomery v. Aetna Casualty & Surety Co.*, 898 F.2d 1537, 1541 (11th Cir. 1990) ("A witness also may not testify to the legal implications of conduct; the court must be the jury's only source of law.").

Plaintiff attempts to escape those Eleventh Circuit decisions by citing three district court decisions (Resp., p. 4), but this Court is bound by the Eleventh Circuit, not those district courts. It also is unclear why Plaintiff believes those decisions help him. For example, *TC Systems Inc. v. Town of Colonie, New York*, 213 F.Supp.2d 171, 182 (N.D.N.Y. 2002) and *CFM Communications, LLC v. Mitts Telecasting Co.*, 424 F.Supp.2d 1229, 1235 (E.D. Cal. 2005), each rejected expert witness testimony that looked like a "legal brief." Mr. Snyder's declaration – with its extensive citation to statutes, case law, and administrative orders – looks like a legal brief (Snyder Supp. Decl., ¶¶8-9, 27-31).

4

Plaintiff goes on to mention *Smith v. Microsoft Corp.*, 2013 WL 6497073 at *5 (S.D. Cal. Dec. 10, 2013), where a court held that "Snyder is unqualified to analyze [legal authorities] and state a legal conclusion by applying the facts of this case to his interpretation of the law" (Resp., p. 5).  Plaintiff ignores that, and instead appears to rely upon that decision for the proposition that, "Similarly, Mr. Snyder does not suggest that the Court is bound by the FCC definition, or must interpret them as he does.  The extent of his testimony is simply to assert that the equipment used by Phaz2, Inc. falls within the definition of an ATDS as he understands it" (*Id.*).  Those two sentences highlight why Mr. Snyder's testimony is inadmissible.

With respect to the first sentence, Plaintiff says that the Court is not bound by, and need not accept, Mr. Snyder's interpretation of the law, but the whole point is that an expert witness is not permitted to offer his/her interpretation of domestic law.  Whether a court agrees or disagrees with the expert's interpretation is wholly irrelevant.

With respect to the second sentence, Mr. Snyder is not permitted to "assert" that the equipment is an ATDS, as he understands the statutory definition.  The role of an expert here would have been to describe Phaz2's systems and equipment, and explain how they *actually* were used here, leaving (a) the Court to instruct the jury on the law regarding an ATDS and (b) the jury to apply that law to the facts to determine whether an ATDS was used.  What Plaintiff wants Mr. Snyder to do, however, is to tell the jury how the law should be interpreted, how they should apply that interpretation to the facts, and the conclusion they should reach.  That is not permissible expert witness testimony.

Mr. Snyder is neither judge nor jury, and his proposed testimony – which invades the exclusive province of each – should be excluded.

C.     **The Testimony In The Supplemental And Second Supplemental Declarations Regarding The Use Of An ATDS Should Be Excluded.**

Even it were permissible for Mr. Snyder to testify regarding his interpretation of the law, and to apply that interpretation to the "facts" of this case to say that the equipment used here is an ATDS, his testimony would still have to be excluded because it is not "based upon sufficient facts or data." *See McCorvey v. Baxter Healthcare Corp.*, 298 F.3d 1253, 1257 (11th Cir. 2002) (quoting Rule 702); *McClain v. Metabolife Int'l, Inc.*, 401 F.3d 1233, 1240 (11th Cir. 2005) (excluding expert testimony because, "[i]n short, O'Donnell does not support his opinions with sufficient data . . . as identified by the *Daubert* rubric").

Plaintiff ignores almost all of the argument presented in the Motion (pp. 10-13) and, in response, argues that Mr. Snyder's review of nothing more than the "technical description" section of a handbook provided him with sufficient facts and data to opine regarding how Phaz2's equipment and systems actually were used here (Resp., p. 6). This argument fails at the outset. First, nothing in the handbook – much less its technical description section – mentions whether Phaz2 has equipment that has the capacity to store or produce numbers to be called, using a random or sequential number generator, and to dial such numbers – which are the elements of an ATDS. Further (and perhaps more fundamentally) Plaintiff ignores that when Mr. Snyder was asked about the handbook at his deposition, he admitted that "many companies like Phaz2 make lots of exceptions for lots of companies," and that he does not know how things *actually* worked in connection with the text messages and messaging services at issue here (Snyder Depo., pp. 54-55) (Motion, p. 10). No wonder Plaintiff chose not to address that in his response.

Additionally, Plaintiff – as the proponent of Mr. Snyder's proposed expert witness testimony – bears the burden of proving its admissibility. *See Cook v. Sheriff of Monroe County,*

6

*Florida*, 402 F.3d 1092, 1107 (11th Cir. 2005); *United States v. Frazier*, 387 F.3d 1244, 1260 (11th Cir. 2004).  Plaintiff does *not* cite any court decisions, treatises, industry literature, or other materials indicating (or even suggesting) that the community of telecommunications network technology experts to which Mr. Snyder belongs has accepted a methodology in which an opinion can be developed based on nothing more than the review of a handbook, *without* inspecting the equipment or systems at issue or reviewing the testimony of the engineers who explained how the equipment or systems actually were used in the specific circumstances giving rise to the action.  *See Frazier*, 387 F.3d at 1262 (citing and quoting *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 151 (1999)).

Mr. Snyder says he has been retained as an expert witness in more than forty cases involving text messaging and/or the TCPA (Snyder Supp. Decl., ¶4; Snyder 2d Supp. Dec., ¶4), and, tellingly, Plaintiff does *not* say that Mr. Snyder employed a methodology in any of those cases that consisted of the mere review of one section of a handbook, much less a single section that, on its face, says nothing regarding the elements of an ATDS.  Plaintiff simply has failed to satisfy his burden of proving that Mr. Snyder's opinion is premised upon sufficient facts or data.

In apparent recognition of this problem, Plaintiff argues that in addition to the "millions of SMS message detail records Mr. Snyder considered" – which is a fancy way of referring to the type of spreadsheets referred to above – Mr. Snyder also "based his opinion on over 1,000 pages of discovery provided by the Defendant and Phaz2, Inc.  This evidence included hundreds of pages of emails discussing sending text messages and the legal issues contingent thereto, screen shots and detailed instructions for how Defendant operated Phaz2, Inc.'s systems, and even the contract detailing the relationship between Defendant and Phaz2, Inc." (Resp., p.6).  This is breathtakingly false and Plaintiff's penchant for saying anything apparently knows no bounds.

7

For example, and as just quoted, Plaintiff says in his response that Mr. Snyder reviewed the contract between Phaz2 and VMG, but that is not what Mr. Snyder said at his deposition:

> Q. Well, your understanding is that VMG provided data to Phaz2 pursuant to some contractual relationship they had; is that correct?
>
> A. Yes.
>
> Q. Have you ever seen the contract?
>
> A. It may have been provided to me. And if it was, I did *not* review it. (Snyder Depo., p. 44) (emphasis added) (attached as Exhibit 1).

It does not get better for Plaintiff.

As also just quoted, Plaintiff says Mr. Snyder's opinion is based on his review of over 1,000 pages of discovery, including hundreds of pages of emails and screen shots, but Mr. Snyder's supplemental and second supplemental declarations [ECF 66-2; 66-3] contradict that. More specifically, paragraph 3 of each declaration identifies what Mr. Snyder relied upon in developing his opinion and *none* of the materials Plaintiff mentions in the response are identified in the declarations. Paragraph 3 of the second supplemental declaration does identify message detail record files for multiple months, but those are the materials Mr. Snyder said he would have used in the algorithm he admittedly *never* ran. (Snyder 2d Supp. Decl., ¶¶14-23, 34; Snyder Depo., pp. 17-18).

The bottom line is that as a result of the haphazard manner in which Plaintiff conducted the discovery phase of this litigation, he simply did not provide Mr. Snyder with sufficient facts and data upon which to premise an admissible opinion regarding the use of an ATDS.

8

**D.     Expert Witness Testimony Cannot Be Used To Parrot And Bolster A Fact Witness's Testimony.**

As shown in the Motion (p. 14), Mr. Snyder cannot be used to parrot and bolster Plaintiff's testimony that he received twenty-three unwanted text messages. Plaintiff does not address this in his response, thus conceding that this portion of Mr. Snyder's proposed testimony should be excluded.

**E.     Conclusion.**

For these reasons, and the reasons stated in the Motion, Mr. Snyder's proposed expert witness testimony should be excluded.

Respectfully submitted,

HOLLAND & KNIGHT LLP
Attorneys for VMG
701 Brickell Avenue
Suite 3300
Miami, Florida 33131
Telephone: 305-374-8500
Facsimile: 305-789-7799

By: /s/  Scott D. Ponce
Sanford L. Bohrer (FBN 160643)
sbohrer@hklaw.com
Scott D. Ponce (FBN 169528)
sponce@hklaw.com
Brian W. Toth (FBN 57708)
brian.toth@hklaw.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 11st day of April 2014, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF System.

By:/s/  Scott D. Ponce

#29019449_v1

9