UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-62044-CIV-COHN/SELTZER

CHRISTOPHER LEGG, on behalf of himself
and all others similarly situated,

      Plaintiff,

v.

VOICE MEDIA GROUP, INC., a Colorado
corporation,

      Defendant.

_____/

## ORDER DENYING MOTION FOR CLASS CERTIFICATION

**THIS CAUSE** is before the Court upon Plaintiff's Motion for Class Certification [DE 52] ("Motion"). The Court has reviewed the Motion, Defendant's Response [DE 64], Plaintiff's Reply [DE 70], and the record in this case, and is otherwise advised in the premises. As discussed more fully herein, the Court will deny Plaintiff's request for class certification because Plaintiff has failed to satisfy the threshold requirements of Rule 23(a) of the Federal Rules of Civil Procedure.

## I. **BACKGROUND**

This suit is a putative class action arising from Defendant Voice Media Group, Inc.'s ("VMG") alleged practice of sending unwanted text messages to individuals throughout the United States. VMG operates alert services which transmit text message advertisements and promotions to subscribers' cellular telephones. DE 1 ¶¶ 6, 19, 32. Plaintiff Christopher Legg subscribed to VMG's alert services in 2012 and early 2013, but sought to unsubscribe in 2013 by sending text messages to VMG containing

variations of the phrase "STOP ALL."[1] Id. ¶¶ 20–29. Nevertheless, VMG allegedly continued to send text messages to Legg. Id. ¶¶ 27–30.

On the basis of the unwanted text messages, Legg commenced this action for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. DE 1 ¶¶ 43–50. Legg purports to bring suit not only on his own behalf, but also on behalf of a class of similarly situated individuals under Rule 23(b)(3) of the Federal Rules of Civil Procedure. Id. ¶ 34; DE 52 at 13–17. Legg defines the class ("Proposed Class") as follows:

> All cellular telephone subscribers with Florida area codes (e.g., 305, 786, 954, 754, 561, 239, etc.) who between March 1, 2012 and the date of certification attempted to unsubscribe from receiving text messages from Defendant's text message alert service, which utilized short code 61721, by texting the word(s) "Stop All" at the beginning of their message and were subsequently sent text message advertisements or promotions from Defendant (or Phaz2, Inc. on behalf of Defendant) to their cellular telephone contrary to their instructions and did not re-subscribe to the aforesaid text message service, and wherein the offending text messages were sent using either a device which qualifies as an automatic telephone dialing system under current FCC definition, or a device which has the capacity to store or produce telephone numbers to be called using a random or sequential number generator.

DE 70 at 8.[2] In the Motion, Legg seeks certification of this case as a class action on behalf of the Proposed Class.

## II.  LEGAL STANDARD

Rule 23 of the Federal Rules of Civil Procedure governs class actions and provides in pertinent part:

---

[1] For purposes of the Motion, "STOP ALL" refers to both upper- and lower-case variants of the phrase. See DE 70 at 8 n.5.

[2] Legg has provided this operative definition of the Proposed Class in his Reply, as a result of concerns about Legg's original class definition that VMG raised in opposition to the Motion. See DE 70 at 7–8.

(a) **Prerequisites.** One or more members of a class may sue or be sued as representative parties on behalf of all members only if:
(1) the class is so numerous that joinder of all members is impracticable;
(2) there are questions of law or fact common to the class;
(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
(4) the representative parties will fairly and adequately protect the interests of the class.

(b) **Types of Class Actions.** A class action may be maintained if Rule 23(a) is satisfied and if:

. . .

(3) the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

Fed. R. Civ. P. 23. An action may be maintained as a class action only if all four prerequisites of Rule 23(a) are satisfied and the requirements of one of the subsections of Rule 23(b) are met. Heaven v. Trust Co. Bank, 118 F.3d 735, 737 (11th Cir. 1997). A plaintiff seeking certification of a class also "must establish that the proposed class is 'adequately defined and clearly ascertainable.'" Little v. T-Mobile USA, Inc., 691 F.3d 1302, 1304 (11th Cir. 2012).

In deciding whether to certify a class, a district court has broad discretion. Washington v. Brown & Williamson Tobacco Corp., 959 F.2d 1566, 1569 (11th Cir. 1992). A court should certify a class only if the court is satisfied, after rigorous analysis, that the prerequisites of Rule 23 have been met. Gilchrist v. Bolger, 733 F.2d 1551, 1555 (11th Cir. 1984). "The burden of establishing these requirements is on the plaintiff who seeks to certify the suit as a class action." Heaven, 118 F.3d at 737.

## III.  DISCUSSION

Rule 23 permits the certification of a Rule 23(b)(3) class action, such as the one Legg proposes, only if the plaintiff satisfies each of the prerequisites of Rule 23(a). Here, Legg has not shown that the Proposed Class is so numerous that joinder of the class members is impracticable, as required by Rule 23(a)(1). Legg's failure to satisfy the numerosity requirement renders class certification inappropriate, notwithstanding that Legg may satisfy the remaining Rule 23(a) prerequisites. Accordingly, the Court declines to certify Legg's class action and will deny the Motion.

### A.  Legg Has Failed to Establish Numerosity

The first requirement of Rule 23(a) is that the class be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). The focus of the numerosity inquiry is not whether the number of class members is "too few" to satisfy the rule, but "whether joinder of the proposed class members is impracticable." Armstead v. Pingree, 629 F. Supp. 273, 279 (M.D. Fla. 1986). The Eleventh Circuit has held that "[g]enerally, 'less than twenty-one is inadequate, more than forty adequate.'" Cheney v. Cyberguard Corp., 213 F.R.D. 484, 490 (S.D. Fla. 2003) (quoting Cox v. Am. Cast Iron Pipe Co., 784 F.2d 1546, 1553 (11th Cir. 1986)). Though this burden is relatively light, the plaintiff must provide factual support for its contentions regarding the size of the class, and cannot satisfy the numerosity requirement through speculation. Vega v. T-Mobile USA, Inc., 564 F.3d 1256, 1267–68 (11th Cir. 2009).

In his Motion, Legg asserts that the Proposed Class "is comprised of at least 1,026 cellular telephone subscribers." DE 52 at 6. Legg's sole support for this statement is the declaration of his telecommunications expert, Randall A. Snyder. Id. Upon motion by VMG, however, the Court has excluded the portion of Snyder's expert testimony that

addresses the size of the Proposed Class. <u>See</u> DE 91 at 5–8. Because Legg offers no other support for his contentions regarding the size of the Proposed Class, he has failed to show that the Proposed Class is so numerous that joinder of each class member is impracticable. <u>See</u> <u>Vega</u>, 564 F.3d at 1267–68.

Nevertheless, the Court would reach the same result even had it allowed Snyder's testimony, because Snyder's conclusion as to the size of the Proposed Class is unsupported speculation. Snyder has specifically stated his "expert opinion that, at a minimum, the proposed class amounts to 1,026 individuals." DE 52-1 ¶ 7. Snyder bases this opinion on his review of a spreadsheet provided in discovery by VMG's vendor, Phaz2, Inc. <u>Id.</u> ¶ 17. The spreadsheet reflects that 1,026 cellular subscribers sent "STOP ALL" messages to VMG from March 4, 2013, through July 22, 2013. <u>Id.</u> ¶¶ 17, 23. The obvious problem with the conclusion Snyder has drawn from this information is that Legg's Proposed Class is not coextensive with individuals who sent "STOP ALL" messages. Instead, the Proposed Class encompasses individuals who: (1) sent "STOP ALL" messages; and (2) continued to receive advertisements from VMG. DE 52 at 4; DE 70 at 8. Because Snyder's count of the 1,026 subscribers who sent "STOP ALL" messages to VMG does not speak to how many of those individuals continued to receive VMG's advertisements, it does not reflect the size of the Proposed Class. Snyder's conclusion that each of these individuals is a class member thus has no support in the underlying documents.

Snyder also notes that some subscribers sent more than one "STOP ALL" message to VMG. Snyder suggests that these individuals sent multiple "STOP ALL" messages because they continued to receive unwanted advertisements from VMG after

sending the first such message. DE 52-1 ¶¶ 24–28. As Snyder himself acknowledges, however, there are many reasons an individual would send more than one "STOP ALL" message. See DE 66-3 ¶ 21; DE 66-5 at 12–13. In other words, Snyder's assumption that subscribers who sent more than one "STOP ALL" message to VMG did so because they continued to receive unwanted advertisements is based not on any data, but on his own speculation. Moreover, even were Snyder correct that some individuals who sent multiple "STOP ALL" messages received unwanted advertisements from VMG after their first "STOP ALL" message, Snyder does not quantify those individuals. Accordingly, Snyder's contentions regarding the size of the Proposed Class are unsupported and speculative, and are of no use to Legg in satisfying the numerosity requirement of Rule 23(a)(1).[3] See Abby v. Paige, 282 F.R.D. 576, 578–79 (S.D. Fla. 2012) (finding numerosity requirement unsatisfied where supporting evidence was speculative).

Legg has therefore failed to show that the Proposed Class is so numerous that joinder is impracticable. Even had the Court admitted Snyder's testimony, his opinion regarding the size of the Proposed Class would be too speculative to be of use. Because Legg has provided no competent evidence upon which even to estimate the size of the Proposed Class, Legg cannot satisfy the numerosity requirement of Rule 23(a)(1), and class certification is improper. See Vega, 564 F.3d at 1267–68. In

---

[3] The Court notes that, in his Reply, Legg seeks to limit the Proposed Class to those individuals with Florida area codes. DE 70 at 7–8. Legg contends that there are 189 such Floridians among Snyder's count of the Proposed Class. Id. at 7. Because Snyder's contentions regarding the size of the Proposed Class are wholly speculative, however, taking account of only individuals associated with Florida area codes does not salvage Legg's deficient showing of numerosity.

the interest of thoroughness and for the guidance of the parties, however, the Court will proceed briefly through an analysis of the remaining Rule 23(a) requirements.

### B. Legg Has Satisfied the Commonality Requirement

The commonality requirement of Rule 23(a)(2) demands "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). It is a "relatively light burden" that "does not require that all the questions of law and fact raised by the dispute be common . . . or that the common questions of law or fact predominate over individual issues." Vega, 564 F.3d at 1268 (internal quotation marks omitted). Rather, it requires only "that there be at least one issue whose resolution will affect all or a significant number of the putative class members." Williams v. Mohawk Indus., Inc., 568 F.3d 1350, 1355 (11th Cir. 2009) (internal quotation marks omitted).

Legg's claims and the claims of the Proposed Class share multiple common legal and factual issues. For example, whether VMG used a system to send its text messages that was an "automatic telephone dialing system" within the meaning of the TCPA is an issue susceptible to common proof that is central to the resolution of each class member's claims. See 47 U.S.C. § 227(a)(1), (b)(1)(A). Similarly, whether VMG knew that sending advertisements to individuals after receiving their "STOP ALL" messages violated the TCPA is a common issue impacting the potential damages of all class members. See id. § 227(b)(3). Because Legg's claims and the claims of the Proposed Class share these and other common issues, Legg has satisfied the commonality requirement of Rule 23(a)(2). See Williams, 568 F.3d at 1355.

### C. Legg Has Satisfied the Typicality Requirement

Rule 23(a)(3) requires that "the claims or defenses of the representative parties [be] typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). A court

examining the typicality requirement should determine whether a "sufficient nexus exists between the claims of the named representatives and those of the class at large." Vega, 564 F.3d at 1275 (internal quotation marks omitted). The standard is not exacting, 1 McLaughlin on Class Actions § 4:16 (Westlaw 10th ed. 2013), and may be satisfied when the plaintiff's and the class's claims arise from the same "event or pattern or practice and are based on the same legal theory." Kornberg v. Carnival Cruise Lines, Inc., 741 F.2d 1332, 1337 (11th Cir. 1984); see also In re Amerifirst Sec. Litig., 139 F.R.D. 423, 429 (S.D. Fla. 1991).

Legg's claims are typical of the claims of the Proposed Class because their claims are premised upon the same legal theories and arise from the same alleged pattern of conduct. Legg contends that VMG disregarded requests from subscribers to unsubscribe from its alert services, and continued to send them text-message advertisements after receiving their "STOP ALL" messages. Legg and the members of the Proposed Class each allegedly received such unwanted advertisements, and proceed on the theory that the advertisements they received from VMG after sending a "STOP ALL" message violated the TCPA. Because Legg's claims and the claims of the Proposed Class all arise from VMG's alleged practice of disregarding its subscribers' "STOP ALL" messages and are based on the same legal theories, Legg has satisfied the typicality requirement of Rule 23(a)(3). See Kornberg, 741 F.2d at 1337.

VMG counters that Legg cannot show typicality because Legg's claims and the claims of each class member would require individualized proof to establish who had received unwanted advertisements after sending a "STOP ALL" message. DE 64 at 12–13. That the Proposed Class's claims may call for individual proof, however, does not

impact the Court's determination that Legg's and the class members' claims arise from the same alleged pattern of activity by VMG and proceed under similar legal theories, satisfying the typicality requirement. Instead, VMG's argument speaks to the requirement of Rule 23(b)(3) that common issues predominate over the individualized inquiries raised by each class member's claim. Without addressing the merit of VMG's contentions in relation to Rule 23(b)(3) predominance, the Court finds that VMG's argument on typicality is without merit.

### D. <u>Legg and His Counsel Are Adequate Representatives</u>

Pursuant to Rule 23(a)(4), the Court must be satisfied that the "representative parties will fairly and adequately protect the interests of the class" before it may certify a class action. Fed. R. Civ. P. 23(a)(4). "This 'adequacy of representation' analysis encompasses two separate inquiries: (1) whether any substantial conflicts of interest exist between the representatives and the class; and (2) whether the representatives will adequately prosecute the action." <u>Valley Drug Co. v. Geneva Pharms., Inc.</u>, 350 F.3d 1181, 1189 (11th Cir. 2003). The adequacy requirement applies to both the named plaintiffs and their counsel. <u>London v. Wal-Mart Stores, Inc.</u>, 340 F.3d 1246, 1253 (11th Cir. 2003).

Here, the Court finds Legg to be an adequate representative of the Proposed Class. Legg's interests are aligned with those of the Proposed Class, as he and the Proposed Class proceed on similar facts under a shared theory of recovery. Moreover, Legg has shown a willingness to participate fully in the vigorous prosecution of this action.

The Court also finds that Legg's counsel will adequately protect the interests of the absent class members. Legg's counsel are seasoned attorneys with the experience

to pursue a consumer class action of the variety Legg proposes. They have demonstrated that they will capably and forcefully advocate on Legg's behalf, as reflected by the substantial motion practice in this action. Accordingly, the Court finds the adequacy requirement of Rule 23(a)(4) to be satisfied with respect to both Legg and his attorneys.

**IV.  CONCLUSION**

Rule 23(a) sets forth threshold requirements that a plaintiff seeking certification of a class action must satisfy. Among these requirements is that the members of a class be so numerous that joinder of all members is impracticable. Fed. R. Civ. P. 23(a)(1). Because Legg has failed to make a factual showing regarding the size of the Proposed Class, he cannot satisfy this element of numerosity, and class certification is inappropriate.[4] It is accordingly

**ORDERED AND ADJUDGED** that Plaintiff's Motion for Class Certification [DE 52] is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 5th day of May, 2014.

JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF

---

[4] Because Legg's failure to satisfy the requirements for class certification under Rule 23(a) justifies the denial of the Motion in its entirety, the Court declines to address the parties' remaining arguments.